W. M. RUSS v. J. B. BROWN & CO.

*Admission of Indebtedness in Answer— Costs.*

Where a defendant in his answer offers to permit judgment to be entered against him for a sum which he admits to be due, and a verdict is rendered therefor, he is liable only for the costs of the action up to the filing of the answer and of judgment.

CIVIL ACTION, tried before *Bryan, J.,* and a jury, at October Term, 1892, of WAKE Superior Court.

The issues were submitted to the jury, and the responses were as follows:

" 1. Did the plaintiff contract with defendant as alleged in the complaint?" Answer: " No."

" 2. Were the plaintiff's services for the first three months satisfactory to the defendant? " Answer: " They were at $75 per month."

" 3. What sum does the defendant owe the plaintiff?" Answer: " $61.50 with interest from January 14, 1892, until paid."

The plaintiff contended that defendant was indebted to him in the sum of $524 upon a special contract, the terms of which are set out in the complaint. That plaintiff continued in defendant's service for one year from the time the contract was made, and insisted that he was entitled to the sum claimed by him in the complaint.

When the defendant Brown was on the stand in his own behalf, the defendant's counsel, with a view to corroborating Mr. Brown in his testimony that the services of the plaintiff for the first three months were not satisfactory to him as justifying the defendant in agreeing to the increased wages claimed by the plaintiff, asked the witness what, in his opinion, the plaintiff's services were actually worth to the defendant for the first three months. The plaintiff objected on the ground that the only question to be tried was, whether there was a special contract, as alleged. The objection was overruled, and the plaintiff excepted. The witness was allowed to answer the question, and the plaintiff again excepted. In this connection, and by way of corroboration of the defendant's testimony that he was not satisfied with Russ's services as justifying the increase of wages asked by him, the defendant was permitted to testify that he could have procured other salesmen to do such work as Russ did, and as well as he did, for the three months, at $75 per month. That he had employed others at this rate, who did the same work, and were worth to him as much as Russ, and that among them he had one salesman in North Carolina whose services were worth to him as much as Russ's services, to whom he paid only $50 a month. There was no exception to this testimony.

Under the alleged contract plaintiff was employed as salesman only for the States of North and South Carolina.

The defendant, with a view of showing by the witness Brown that the plaintiff's services were not satisfactory to him as justifying the increased pay, offered to show by him what sales the plaintiff made for defendant during the first three months. His Honor confined this testimony to the first three months of plaintiff's service, and permitted no inquiry to be made for the last nine months. There was no exception to this testimony by the plaintiff.

Judgment was rendered for the plaintiff in accordance with the verdict, and for costs up to the filing of the answer and of judgment. It was further adjudged that the defendant recover of the plaintiff the costs accruing subsequent to the answer, except the cost of the judgment.

*Mr. Armistead Jones*, for plaintiff (appellant).
*Messrs. Battle & Mordecai* and *J. W. Hinsdale*, for defendant.

MacRae, J.: The jury having found in response to the first issue that there was no such special contract as was alleged in the complaint; in other words, that the defendant did not agree to pay the plaintiff one hundred and twenty-five dollars per month for the last nine months in the year, provided defendant was satisfied with plaintiff's services for the first three months, the second issue became immaterial, and the practical question was as to the value of the plaintiff's services, for it was admitted that plaintiff had served defendant for a year.

Upon the third issue, the first and second having been put out of the way, the question and answer were relevant and material.

The second exception was not relied upon, and is not set out.

The defendant having admitted in his answer that he was indebted to the plaintiff in the sum of $61.50, and offered to permit judgment to be entered against him for said sum, his Honor properly adjudged that defendant was liable only for the costs of the action up to the filing of the answer and of judgment.                                     Affirmed.